United States District Court
Southern District of Texas
**ENTERED**
August 23, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| YOSEMITE AUTO (SHANGHAI) CO., LTD., § § Plaintiff, § VS. § JRS METALS, INC., *et al*, § § Defendants. § | § § § CIVIL ACTION NO. 4:15-CV-1641 § § § § |

## ORDER AND OPINION

Before the Court is Plaintiff's Motion to Enforce Settlement Agreement (Document No. 25). Defendants filed a Response (Document No. 26), and Plaintiff filed a Reply (Document No. 29). Having considered these filings, the facts in the record, and the applicable law, the Court finds that Plaintiff's Motion will be denied.

**Background**

This breach of contract dispute was originally filed on June 10, 2015. (Document No. 1). On September 18, 2015, Plaintiff filed an Order of Dismissal on Settlement Announcement (Document No. 13), stating that "a settlement of this action has been reached," and that "the case is dismissed without prejudice to the right of the parties to move for reinstatement within ninety days from the entry of this order on representation that approval of the settlement could not be obtained from principals." However, on January 14, 2016, Plaintiff filed an Unopposed Motion to Vacate (Document No. 14), which the Court granted. (Document No. 15). In that Motion Plaintiff stated that "[s]ince that [September 18, 2015] order was issued, counsel for the parties had been diligently preparing and had nearly finalized settlement papers. However, on December 24, 2015, counsel for Defendants informed Plaintiff's counsel that Defendants would be unable

to perform pursuant to the agreed settlement in principle. Accordingly, there is no settlement in this matter." (Document No. 14 at 2). Therefore the Court reinstated the case. (Document No. 15).

Now Plaintiff has filed a Motion to Enforce the Settlement Agreement (Document No. 25) and accompanying Memorandum of Law in Support. (Document No. 25-1). The parties did not sign a formal settlement agreement, but Plaintiff argues that email exchanges between the two attorneys, Leodis C. Matthews (representing Plaintiff Yosemite) and John Flood, Esq. (representing Defendant Bose and JRS Metals), constitute an enforceable settlement agreement under Rule 11 of the Texas Rules of Civil Procedure, because the emails "contain all of the material terms of the settlement, demonstrate a clear intention of the Parties to enter into a binding settlement agreement and demonstrate an intention to be bound by the electronic record." *Id*. at 6-7. However, in the last email, Flood repudiates any agreement, stating that: "I just learned yesterday, for the first time, that my client is not immediately able to perform as outlined in the agreement that you and I have diligently worked to finalize." *Id*. (citing Document No. 25-6 at 2).

In response, Defendants argue that "Plaintiff is precluded from claiming that there was an enforceable settlement agreement based on the doctrines of judicial admissions and judicial estoppel," that "there was never a finalized, enforceable settlement agreement," and that "a settlement agreement may only be enforced by means of a separate claim for breach of contract, subject to the normal rules of pleading and proof." (Document No. 26 at 2-11). As described below, Defendants' third argument is correct, and prevents the Court from granting Plaintiff's Motion to Enforce.[1]

---

[1] The Court offers no opinion on Defendants' other arguments.

**Relevant Law and Discussion**

"[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder,* 36 F.3d 447, 449 (5th Cir.1994).[2] "A federal court sitting in diversity applies the law of the forum state when deciding whether to enforce a settlement agreement. Since Texas law applies to this case, Texas Rule of Civil Procedure 11 controls." *Williamson v. Bank of New York Mellon*, 947 F. Supp. 2d 704, 707 (N.D. Tex. 2013) (internal citations omitted).

Rule 11 provides that, "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex. R. Civ. P. 11. "The purpose of Rule 11 is to forestall the 'misunderstandings and controversies' that often attend oral agreements between counsel." *Williamson*, 947 F. Supp. 2d at 707 (citations omitted).

A settlement agreement under Rule 11 can be enforced in two ways. If both parties consent to the agreement, the Court may enter an "agreed judgment." However, if consent does not exist, as is the case here, "a court may not render an agreed judgment on the settlement agreement, but rather may enforce it only as a written contract." *Mantas v. Fifth Court of*

---

[2] Defendants argue that the Court does not have "an independent jurisdictional basis to enforce [the] settlement agreement." (Document No. 26 at 12) (citing *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 378-82 (1994) (explaining that enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction")). However, there is complete diversity between these two parties (Plaintiff is a Chinese LLC and Defendants include a resident of Texas and a corporation formed under Texas law), and the amount in controversy is over $75,000 (Plaintiff seeks more than $2 million); therefore the Court has independent grounds for jurisdiction. *See Bd. of Trustees of Hotel & Rest. Employees Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1486 fn. 10 (D.C. Cir. 1996) ("Unlike the situation here, the lawsuit in *Kokkonen* had been removed to federal court on diversity grounds. When the plaintiff in *Kokkonen* brought suit in federal court claiming breach of the settlement agreement, the amount in controversy requirement was no longer met. Thus, there were not independent grounds for diversity jurisdiction in the second suit."); *U.S. Fire Ins. Co. v. Hous. Auth. of New Orleans*, 917 F. Supp. 2d 581, 586 (E.D. La. 2013) ("[U]nlike in *Kokkonen,* this Court need not consider whether it has ancillary jurisdiction to resolve the dispute over enforcement of the settlement agreement, given that there is indisputably an independent basis for subject matter jurisdiction: diversity jurisdiction.").

*Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (citing *Padilla v. LaFrance,* 907 S.W.2d 454, 461 (Tex. 1995)).[3] "Thus, the party seeking enforcement must pursue a separate breach-of-contract claim, which is subject to the normal rules of pleading and proof." *Id*. Therefore, "[i]n actions to enforce settlement agreements, parties have the right to be confronted by appropriate pleadings, assert defenses, conduct discovery, and submit contested fact issues to a judge or jury." *Barragan v. Nederland Indep. Sch. Dist.,* No. 09-13-00350-CV, 2015 WL 474282, at *3 (Tex. App.-Beaumont Feb. 5, 2015, pet. denied) (citations and internal quotations omitted). "A motion to enforce a settlement agreement [as was filed in this case] is a sufficient pleading by which to raise a cause of action for breach of contract," but the Court may not determine the validity of the settlement agreement "without full resolution of the surrounding facts and circumstances." *Id*. Therefore, where consent has been withdrawn, "the only method available for enforcing a settlement agreement is through summary judgment or trial. […] To allow enforcement of a disputed settlement agreement simply on motion and hearing would deprive a party of the right to be confronted by appropriate pleadings, assert defenses, conduct discovery and submit contested fact issues to a judge or jury." *Staley v. Herblin*, 188 S.W.3d 334, 336–37 (Tex. App.-Dallas 2006, pet. denied) (citations omitted). *See also Sampson v. Ayala*, No. 14-08-01002-CV, 2010 WL 1438932, at *5 (Tex. App.-Houston [14th Dist.] Apr. 13, 2010, no pet.) ("A trial court may render judgment on a settlement agreement when one of the parties contests his consent to be bound" only by summary judgment proceedings or trial.).

---

[3] *See also Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex. 1984) ("A better statement of the general rule is that Rule 11 is a minimum requirement for enforcement of all agreements concerning pending suits, including, but not limited to, agreed judgments. *Burnaman* stands for the proposition that, notwithstanding a valid Rule 11 agreement, consent must exist at the time an agreed judgment is rendered.") (citing *Burnaman v. Heaton*, 240 S.W.2d 288 (Tex. 1951)); *Barragan v. Nederland Indep. Sch. Dist.*, No. 09-13-00350-CV, 2015 WL 474282, at *3 (Tex. App.-Beaumont Feb. 5, 2015, pet. denied) ("When parties reach a settlement agreement in pending litigation, the court may render an agreed judgment as long as no party has withdrawn consent. If a party has withdrawn its consent, the settlement may be enforced as a contract if the agreement complies with the requirements of Rule 11 of the Texas Rules of Civil Procedure.").

As explained above, Plaintiff's Motion to Enforce may be construed as a sufficient pleading to *raise* a cause of action for breach of contract, but the Court cannot enforce the agreement without a full determination of the relevant facts and circumstances via summary judgment or trial; to do so would deprive Defendant of due process.[4] *Barragan*, 2015 WL 474282, at *4 ("We conclude that the trial court erred by adjudicating the validity of the Rule 11 agreement and dismissing Barragan's case with prejudice without either following proper procedures for a final pretrial disposition or conducting a bench trial."); *Staley*, 188 S.W.3d at 337 (trial court abused its discretion in granting a motion to enforce a rule 11 agreement, where record demonstrated that party had revoked her consent); *Cadle Co. v. Castle*, 913 S.W.2d 627, 632 (Tex. App.-Dallas 1995, pet. denied) (trial court committed error when it granted appellee's motion to enforce settlement, rather than using the "traditional method of enforcing contracts," such as granting a summary judgment motion or determining disputed facts at trial).

**Conclusion**

For these reasons, the Court hereby

ORDERS that Plaintiff's Motion to Enforce Settlement (Document No. 25) is DENIED. If Plaintiff intends to pursue a breach of contract claim regarding the settlement agreement, Plaintiff is ORDERED to file said claim in the proper form (i.e. in an amended complaint against Defendants).

---

[4] Even if the Court were to treat Plaintiff's Motion as one for summary judgment, the motion would fail. "The law of contracts applies to Rule 11 settlement agreements. When [] the plaintiff moves for summary judgment on a breach of contract claim, they must show (1) there was a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of that breach." *Ronin v. Lerner*, 7 S.W.3d 883, 886 (Tex. App. 1999) (citations omitted). Plaintiff's motion discusses the validity of the agreement at length, but fails to discuss its own performance or damages in any meaningful way. Therefore, even if construed as a motion for summary judgment, Plaintiff's motion would not be successful.

SIGNED at Houston, Texas, this 23rd day of August, 2016.

      MELINDA HARMON
UNITED STATES DISTRICT JUDGE


SIGNED at Houston, Texas, this 23rd day of August, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE