**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| YOSEMITE AUTO (SHANGHAI), CO., LTD., | § § § | Civil Action No. 4:15-CV-01641 |
| Plaintiff, | § § | |
| | § | |
| -V- | § § | |
| | § | |
| JRS METALS, INC. and DHANRAJMAL CHANDRABOSE, a/k/a JACK BOSE, an individual, | § § § | |
| Defendants. | § § | |
| | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, YOSEMITE AUTO (SHANGHAI) CO., LTD ["YOSEMITE"] and in support of claims for damages and other relief against the Defendants JRS METALS, INC. ["JRS METALS"] and DHANRAJMAL CHANDRABOSE, a/k/a JACK BOSE ["BOSE"], alleges the following facts and circumstances:

### I.
### NATURE AND SUMMARY OF ACTION

a.    YOSEMITE's claims and causes of action against JRS METALS and BOSE, as herein alleged, sound in both contract and tort.  YOSEMITE seeks to recover monies fraudulently obtained and converted by Defendant JRS METALS, for goods promised and paid for but not delivered, and to recover for the injuries, harm and damages suffered, including lost profits, pre and post-judgment interest, an award of exemplary damages and reasonable attorney fees.  YOSEMITE also seeks to recover from BOSE, individually, for his separate liability for each of the claims alleged; and as a

corporate officer and director, by his dominant control and use of JRS METALS in a fraudulent manner, and his knowingly commission of tortious and fraudulent acts, which also violate the Texas State Penal Code.

b.     Plaintiff YOSEMITE engaged in two separate business transactions with Defendants JRS METALS and BOSE, acting individually, and in the name of JRS METALS, for the purchase of high-performance automobiles through agent intermediaries.

c.     One such intermediary was Alless Auto, LLC ["Alless Auto"], a Texas Limited Liability Company operated by Baojian Wu, a/k/a Jim Wu ["Jim Wu"] who was involved in negotiating agreements with BOSE that resulted in these claims.

d.     Jim Wu introduced Tao Song a/k/a Tom Song ["Tom Song"], Executive President of YOSEMITE to Defendant BOSE in early November 2013.  BOSE told Tom Song his business specialty involved acquiring vehicles, pipelines and other equipment for export and sale to foreign companies.

e.     BOSE proposed to Tom Song acquire vehicles from a Houston automobile dealership and explained that because of his close business relationship with the dealer's sales manager, he could acquire up to forty (40) Range Rover model V6 vehicles and "at least twenty (20) of these vehicles could be delivered to YOSEMITE by mid-April 2014".

f.     Based on oral representations, records and documentation, including evidence of alleged purchase contracts, payment receipts and copies of checks provided by BOSE, YOSEMITE was

induced to believe that BOSE would provide twenty (20) Range Rover Model V6 vehicles, plus an additional eight (8) Range Rover Sport models, which were to be delivered to YOSEMITE.

g.      In reliance upon statements and/or documentation provided by BOSE, YOSEMITE paid $2,028,765 for the twenty (20) Range Rovers V6 vehicles and an additional $701,235 for the eight (8) Range Rover Sport models.  Despite providing these payments to BOSE and JRS METALS, none of these vehicles were ever delivered. Despite numerous demands, BOSE refused to return the money or to deliver the vehicles, as promised.

## II.
## PROCEDURAL MATTERS

### A.      Jurisdiction

1.      The Court has jurisdiction over this dispute under 28 U.S.C. §1332, in that the amount in controversy exceeds the sum of $75,000 and there is complete diversity between the parties as citizens of different states.

2.      The Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the United Nations Convention on Contracts for the International Sale of Goods ["CISG"], an International Treaty to which both the United States and China are signatory member. The CISG applies to commercial contracts for the sale of goods between parties whose places of business are in different signatory nations. Plaintiff and Defendants are both merchants dealing in the sale of goods by engaging in cross border international transactions.

3.     The Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1337 because Plaintiff's other claims are so related to the claims to the action within such original jurisdiction that they form part of the same case or controversy (Ref. § 1337(a)), and the exercise of such supplemental jurisdiction over such claims would not be inconsistent with the jurisdictional requirements of Section 1332 (Ref. § 1337(b)).

**B.     Venue**

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) and 1391(a)(2).

### III.
### DESCRIPTIONS OF THE PARTIES

**A.     Description of Plaintiff:**

5.     YOSEMITE is a limited company formed and organized under the laws of China with its principal place of business and headquarters located in Shanghai, China.  Its Executive President, Tom Song, manages YOSEMITE.

6.     YOSEMITE conducted an automotive import business and purchased various types of high-performance motor vehicles in the United States.

7.     YOSEMITE purchased these motor vehicles in the United States primarily through agreements sourced by its representative purchasing agents, Alless Auto and SCS Americas, LLC ("SCS").

**B.     Description of Non-Party Agents**

8.      Jim Wu is the managing member of Alless Auto, LLC.  YOSEMITE dealt with Alless Auto, as its agent representative when purchasing motor vehicles in Texas.  Tom Song would approve each transaction arranged by Alless Auto prior to any decision to purchase the vehicles.

9.      SCS is a located near Los Angeles, California and also served as a representative agent of YOSEMITE under a similar arrangement with YOSEMITE as Alless Auto.

### C.      Description of Defendants:

10.     BOSE is a resident and domiciled in Houston, Texas.  He is also the President and Director of Defendant JRS METALS.  On information and belief, BOSE may be served with process by personal service at 12320 BARKER Cypress, SUITE 600#170, Cypress, TX 77429 and/or 13831 NW Freeway, Suite 515, Houston, TX 77040 and/or 11403 Pampass Pass, Houston, TX 77095-4856 and/or 18250 Beaumont Highway, Houston, TX 77049 and/or c/o Mr. John T. Flood, 802 N Carancahua St Ste 900, Corpus Christi, TX 78401-0013.

11.     Plaintiff is informed, believes and thereon alleges that at all times herein relevant Defendant BOSE owned, controlled, dominated, managed and operated Co-Defendant JRS METALS.  This domination and control by BOSE was exercised in such a way that JRS METALS was a mere shell, instrumentality, and conduit through which BOSE carried on his own activities such that any individuality or separateness of JRS METALS does not exist and it is merely an alter ego of BOSE.

12.     Plaintiff is informed, believes and thereon alleges that BOSE commingled funds belonging to JRS METALS with his own, treated JRS METALS's business accounts as if they were his own personal accounts, that JRS METALS was lacking in the required corporate formalities for

maintaining JRS METALS as a separate legal entity, and BOSE failed to treat JRS METALS separate and apart from himself.

13.     Defendant JRS METALS is a corporation duly formed and existing under the laws of the State of Texas (Texas Secretary of State File No. 0101327750).  Defendant BOSE is the person designated as its authorized agent for purposes of legal service and notices.  On information and belief, JRS METALS may be served with process by and through its registered agent, Dhanrajmal Chandrabose, 11403 Pampass Pass, Houston, TX 77095-4856.

14.     As herein alleged, Defendants BOSE used the corporate form of Defendant JRS METALS in a fraudulent manner and for an improper purpose.  BOSE used JRS METALS solely to shield himself personally from valid claims of creditors and to finance, support, and otherwise enable him to engage in the unlawful and fraudulent conduct of business for his own benefit to defraud creditors.

15.     Defendants BOSE and JR METALS each knew and fully understood that (1) any transaction involving the purchase, transport and resale of the vehicles were to be first approved and authorized by YOSEMITE, and (2) the transaction would be conducted directly with YOSEMITE and YOSEMITE would be responsible to provide payments for the vehicles.

16.     Defendants BOSE and JR METALS each of them also knew and fully understood the high-performance automobiles to be sold to YOSEMITE were for export from the United States and resale in China.

- 6 -

17.     BOSE's use of the corporate form as herein described injured YOSEMITE as alleged herein. Accordingly, it would be unjust, unfair and an abuse of the corporate privilege to treat the actions of JRS METALS and BOSE as separate and distinct from each other. BOSE is being sued herein in his individual capacity for his own actions as a corporate officer as is allowed under operative and applicable laws of the State of Texas.

## IV.
## FACTS COMMON TO ALL CAUSES OF ACTION
### A.      YOSEMITE and Alless Auto  -  System of their Business Venture

18.     At all relevant times alleged herein, Tom Song, in his capacity as the Executive President of YOSEMITE, arranged with Jim Wu to function as a representative agent for the purpose of obtaining assistance in locating different types of motor vehicles YOSEMITE was to purchase for resale in China.

19.     The pattern and practice of the business plan of their representative agency relationship was established, implemented and followed by and between YOSEMITE and Alless Auto throughout the course of their dealings together, as follows:

   (a)     Jim Wu would ascertain the availability of the types of motor vehicles YOSEMITE was interested in acquiring for exporting, and resale in China, including the make, model and model year of each vehicle, its VIN number, color, and any accessory package included, along with pricing information. Jim Wu would provide this information to Tom Song.

   (b)     Tom Song would decide, on behalf of YOSEMITE, which of these motor vehicles, if any, YOSEMITE would offer to purchase and an offer price for the vehicle.

- 7 -

(c)     YOSEMITE would purchase the motor vehicle and/or vehicles on its account.

(d)     Once a transaction for purchase was authorized, Alless Auto assisted to consummate the purchase and arranged for possession and shipment of the vehicles. Before ownership title documents were issued, Alless Auto would provide YOSEMITE with copies of documents related to the purchase transaction.

(e)     After approval of the documentation, YOSEMITE would arrange for payment to be provided through Alless Auto or directly to the seller of the vehicles.

20.     On November 12, 2013, Defendant BOSE met with Tom Song at a downtown Restaurant in Houston, Texas and explained he could obtain up to 40 "pre-ordered" and "preowned" Range Rover vehicles for delivery to YOSEMITE from "Momentum Jaguar Volvo Porsche", an automobile dealership specializing in the sale of high performance vehicles ["Momentum" or "Momentum Automobile Dealership"] and that these vehicles were available because of a series of cancelled sales transactions.

21.     At a second meeting the next day, BOSE said the car dealer's sales manager confirmed that twenty (20) of the Range Rover V6s would be available in April 2014.  However, to reserve these vehicles for a future delivery date, it would be necessary to make a full payment.

22.     YOSEMITE was not willing to pay such a full price for the twenty vehicles prior to their actual delivery and physical possession, together with ownership of title documents, to its representative agent.

23.     On or about November 30, 2013, BOSE told Jim Wu that the sales manager continued to demand to be provided full payment for the vehicles before they would be delivered.

24.     A third in-person meeting between Tom Song, Jim Wu and BOSE took place at the Tang Dynasty Restaurant in Shanghai, China, on or about December 9, 2013, which was also attended by other YOSEMITE's corporate executive officers.  Defendant BOSE represented to Tom Song and other executive officers that he purchased the twenty (20) Range Rover vehicles and could assure their delivery to YOSEMITE by April 2014.

25.     In early January 2014, Defendant BOSE provided copies of payment receipts and a copy of his check to Jim Wu and YOSEMITE to prove he had paid for and owned the twenty (20) Range Rover vehicles.  He demanded to be paid a premium increased price above his purchase prices for the vehicles, contending that had "locked in" delivery for all twenty (20) vehicles and would confirm their delivery to YOSEMITE.

26.     Within this same time frame, from December 2013 through April 2014, BOSE acquired and sold a separate group of eight (8) Range Rover Sport vehicles that he was to arrange to be delivered to YOSEMITE.

27.     YOSEMITE paid BOSE and JRS METALS for the above described (8) Range Rover Sport vehicles. Their payments totaled $701,235, including an initial deposit of $30,000 that had been paid in December 2013.  After BOSE represented these vehicles were confirmed and awaiting immediate delivery, he was paid the remaining balance by SCS in April 2014.

28.     Despite BOSE's assurances the delivery of the (8) Range Rover Sports vehicles were en route, none had been shipped and were never delivered as promised.  YOSEMITE has demanded but Defendants have refused to return the monies received from YOSEMITE as payment for the vehicles.

29.     BOSE repeatedly demanded YOSEMITE to immediately pay for the twenty (20) Range Rovers he claimed to have purchased from the automobile dealership.

30.     To induce YOSEMITE that he paid for the twenty Range Rovers, BOSE provided the following documents to Jim Wu, YOSEMITE's agent in Texas:

   (a)     A copy of the front of a check, dated December 16, 2013, issued by JRS METALS payable to "Momentum Land Rover" in the amount of $1,900,000. [Exhibit A];

   (b)     Copies of twenty (20) Non-refundable [Purchase] Agreements for each of the twenty (20) Range Rover vehicles, which Agreements were purportedly executed between the Momentum Automobile Dealership, signed by its sales manager and "Dhanrajmals Chandrabose, JRS METALS [Exhibit B]; and

   (c)     Copies of twenty (20) payment receipts purportedly issued and executed
   by the Momentum Automobile Dealership and signed by its  sales manager) [Exhibit C].

31.     In reliance on the records and documents provided by BOSE, Alless Auto paid JRS METALS, on behalf of YOSEMITE, a total of $2,028,765 for the twenty "Range Rover" vehicles.

32.     During the relevant time alleged herein, BOSE and Alless Auto occupied separate offices within an executive suite at 2901 Wilcrest Drive, Suite 205, Houston, Texas 7704-6046. The offices shared a common reception and general incoming telephone numbers. JRS METALS maintained its principal place of business at a separate location in Houston, Texas.

33.     Despite having paid JRS METALS $701,235 for eight (8) Range Rover Sport Model vehicles and despite numerous demands for the vehicles, BOSE never delivered any of these vehicles to YOSEMITE or its agent, Alless Auto and refused demands for return of the monies paid.

34.     Despite having paid JRS METALS a total of $2,028,765 for delivery of twenty (20) Range Rover vehicles and having made numerous demands for the delivery of the vehicles or for return of the $2,028,765 provided to JRS METALS, BOSE refused to return any of the $2,028,765.

      **B.     After obtaining payments of $2,730,000 from YOSEMITE, BOSE Claimed the Vehicles were seized by the Federal Bureau of Investigation ("FBI") and his bank account containing the $2,730,000 in payments was frozen by a Federal Agency.**

35.     Upon information and belief as described hereinafter, on or about May 14, 2014, Jim Wu received a telephone call at his and Defendant BOSE's shared office suite at 2901 Wilcrest Drive, Suite 205, Houston, Texas ("Wilcrest Drive office" or "shared office") from a male caller who identified himself as a United States Department of Justice, Federal Bureau of Investigation, Special Agent ("FBI Agent") assigned to the Houston Field Office.  The caller asked to speak to Defendant JACK BOSE.  Jim Wu informed the caller that BOSE was not in the office, whereupon the speaker instructed Jim Wu to inform BOSE of this call, and that upon receipt of the message, BOSE was to come to the FBI Field Office, located at 1 Justice Park Drive, Houston, Texas.

- 11 -

36.     Jim Wu immediately sent BOSE a text message (via a "WeChat" electronic message service) in which he informed BOSE of the telephone call he just received from a male caller who identified himself as an FBI Agent and relayed the message that BOSE should immediately go to the FBI field office in Houston.  The alleged FBI Agent provided Jim Wu with his name and telephone number, as well of the address of the Houston FBI field office.  Mr. Wu provided this information to BOSE by a telephonic text message.

37.     Within minutes of this text message, BOSE telephoned Jim Wu and said he was en route to Wilcrest Drive office.  However, approximately 10 minutes after this call, BOSE again telephoned Jim Wu and said he was going directly to the Houston FBI Field Office instead.

38.     The next day, on May 15, 2014, BOSE came to their shared offices at approximately 11:00 AM, and explained to Jim Wu that the FBI had extensively interrogated him.  BOSE said the FBI seized all twenty (20) of the Range Rover vehicles and another "Federal Government Agency" froze JRS METALS' bank accounts.

39.     During the May 15, 2014 conversation, Jim Wu directly asked BOSE to provide him with a receipt or other proof showing seizure of the Range Rovers vehicles and some record showing the seizure of JRS METALS's bank accounts so he could report to YOSEMITE.  BOSE promised that he would provide the requested evidence "within a little while".

40.     On or about May 20, 2014, when BOSE next returned to the shared office he brought no such evidence with him.  Jim Wu again asked for records to verify seizure of the Range Rovers and the "freezing" of JRS METALS's accounts.  Once again, BOSE promised that he would do so.

- 12 -

41.    When he next returned to their shared offices on or about May 28, 2014, BOSE failed to provide any of the promised records or documents to evidence the seizure of the vehicles and freezing of JRS METALS' bank accounts.

42.    After a short discussion in their office on May 28, 2014, BOSE asked Jim Wu to have lunch with him so they could talk privately.  At the restaurant BOSE said he was being followed and he would not frequently be in the office. Jim Wu explained that YOSEMITE was demanding some record or documentation about twenty Range Rovers or return of their monies.  BOSE again promised to provide Jim Wu with documentation as to the vehicles and money.

43.    On or about June 2, 2014, BOSE came to their shared office.  Jim Wu insisted that BOSE must provide documentation as to the vehicles or return YOSEMITE's payment. BOSE explained that he had documentation and would definitely bring it next time he came to their office.  BOSE then invited Jim Wu to have lunch with him.  Although they usually would share the same car, BOSE told Jim Wu that it would be best if they traveled to the restaurant in separate cars.

44.    While seated at a table in the restaurant, an African-American male walked up to their table, looked at BOSE and asked, "Are you Jack Bose?"  BOSE uttered a response, then immediately left the table and followed the man out of the restaurant.  Neither of them said anything to Jim Wu.

45.    After a few minutes, Jim Wu went outside, got in his car, and drove around the parking lot looking for BOSE or his car.  He was unable to find BOSE or BOSE's car parked anywhere in or about near the vicinity of the restaurant.

46.    This was the last time that JACK BOSE ever came to the Wilcrest Drive office and the last time Jim Wu ever saw BOSE up to and including the filing of this Complaint.

47.     On or about June 10, 2014, at approximately 11:00 PM, Jim Wu received a telephone call

from BOSE, who told Wu that he would no longer be calling or texting him on his cell phone or

sending him any emails.  BOSE also requested that Jim Wu not to call or text him on his cell phone

or send to him any emails. This was the last time Jim Wu ever spoke with BOSE prior to the filing

of this Complaint.

48.     Despite efforts to locate BOSE and to obtain an explanation as to what had happened with

the vehicles or what happened to the money YOSEMITE paid for the vehicles, neither Jim Wu nor

Yosemite has been able to contact with BOSE at any time after on or about June 10, 2014.

    **C.      YOSEMITE Uncovers the True Facts About the Twenty Vehicles**

49.     Prior to the filing of this Complaint, YOSEMITE, commissioned an investigation into

BOSE's representations that he purchased twenty (20) Range Rover vehicles from and fully paid

for the vehicles to the Momentum Automobile Dealership.  Based on this investigation, YOSEMITE

is informed and believes the following facts to be true:

        (a)      There is in fact, a sales manager for Momentum Automobile Dealership identified

        by the name provided by BOSE, Jimmy Olguin ("Olguin"), who BOSE claimed signed the

        twenty "Non-refundable [Purchase] Agreement" and twenty "payment receipt" on behalf of

        the Momentum Automobile Dealership.  (see Exhibits B and C).

        (b)      In Olguin's position as the Sales Manager, he would have personal knowledge

        whether the twenty (20) "pre-owned" Range Rover vehicles were purchased during the time

        frame described above, by either DHANRAJMALS CHANDRABOSE aka "BOSE" or JRS

        METALS.

- 14 -

(c)     Neither the Momentum Automobile Dealership or Olguin has information nor knowledge of any such transaction as represented by the twenty nonrefundable Agreements provided by BOSE to Jim Wu and YOSEMITE.

(d)     Olguin, as sales manager, nor in any other role, signed or provided any of the documents provided by BOSE to YOSEMITE, as described herein.

(e)     Olguin did not sign or authorize the preparation of any those documents described in the foregoing paragraphs, which documents purported to contain his signatures.

(f)     The purported signatures of Olguin are forged as are the documents themselves, and Olguin did not engage in any such transaction with Defendants JRS METALS or BOSE as described and represented by BOSE.

50.     On information and belief, the statements by BOSE to Jim Wu that the FBI had seized the twenty (20) Range Rover vehicles and that another federal agency had frozen JRS METALS' bank account were fraudulent and untrue when made.   YOSEMITE is informed and believes that the following facts are true:

(a)     There is a Special Agent employed with the Houston FBI Field Office, known by the name provided to Jim Wu during a telephone conversation on or about May 14, 2014. However, in his assigned position, this FBI Agent would not have made any such call and would not have left such a message for Defendant BOSE nor would he have directed some other FBI Special Agent assigned to the Houston FBI Field Office to make such a telephone call to above referenced shared office.

- 15 -

(b)     The named FBI Agent personally never made any such telephone call nor left any such message for BOSE as described.

(c)     No other FBI Agent assigned to the Houston Field Office had ever made any such call to the telephone number of the Wilcrest Drive office on or about May 14, 2014, or at any other date within the relevant time frame of the claims in this Complaint. Neither the FBI nor any other federal agency participated in the seizure of twenty (20) vehicles from either DHANRAJMAL CHANDRABOSE, a/k/a BOSE, or the business entity JRS METALS, INC., on or about May 14, 2014, or any other date within the relevant time frame of the claims in this Complaint.

(d)     Defendant BOSE, in cooperation with an unknown male individual, impersonated an FBI Agent and made false and fraudulent representations to Jim Wu in furtherance of an illegal purpose.

(e)     The FBI did not interrogate or question BOSE as claimed by BOSE and did not seize or impound the twenty (20) Range Rover vehicles, which are the subject matter of this litigation.

(f)     No federal agency froze the bank account of JRS METALS as claimed by BOSE or seized the funds provided by YOSEMITE for delivery of the twenty vehicles.

### D.     YOSEMITE Suffered Actual Economic Harm and Actual Damages

51.     As a direct result of the foregoing facts and circumstances, YOSEMITE suffered economic harm and actual damages in an amount not less than $2,730,000, calculated as follows

(a)     Payments made to JRS METALS and BOSE in the amount of $2,028,765 for purchase of the twenty (20) Range Rover vehicles which are the subject of this litigation; none of which were ever delivered to YOSEMITE despite having paid JRS METALS for the vehicles; and

(b)     Payments of $701,235 provided to JRS METALS and BOSE for the claimed purchase of the email vehicles by BOSE of eight (8) Range Rover Sport-model vehicles; none of which were ever delivered, despite YOSEMITE having paid JRS METALS for these vehicles.

52.     YOSEMITE is further informed and believes and based thereon alleges that, based on the prevailing market price China, within the relevant time frame of this complaint, Plaintiff suffered not less than $560,000 of lost profits and earning.

## V.
## CAUSES OF ACTION

<u>FIRST COUNT</u>
BREACH OF CONTRACT AND FAILURE TO PERFORM OBLIGATIONS,
RESULTING IN A VIOLATION OF CISG
(As Against Both Defendants)

53.     YOSEMITE refers to and realleges paragraph 1 through 52 above as though fully set forth herein.

54.     Both the United States and China are signatories of the United Nations Convention for the International Sale of Goods ["CISG"].

55.     BOSE, through JRS METALS entered into an agreement with YOSEMITE involving the purchase and delivery of the above referenced high-performance vehicles. In connection therewith, BOSE traveled to China and met with Tom Song and executives of YOSEMITE.

56.     BOSE demanded and accepted payments of $2,028,765 and $701,235 for the vehicles but did not deliver the vehicles and refused after demand to return the payments.

57.     By paying BOSE for the vehicles, through JRS METALS as herein alleged, YOSEMITE fully performed all of obligations it was required to under the terms of its agreement with BOSE.

58.     YOSEMITE has demanded that BOSE and JR METALS deliver the automobiles pursuant to their agreement but Defendants, and each of them, have refused and continue to refuse to deliver the automobiles.

59.     YOSEMITE has since discovered that, although it had paid JRS METALS for the vehicles BOSE represented he purchased for YOSEMITE's eventual benefit and export to China, the true facts are that BOSE never purchased any of the Range Rover vehicles which are the subject matter of YOSEMITE's claims against both BOSE and JRS METALS.

60.     Accordingly, Defendants BOSE and JRS METALS are both jointly and severally liable to YOSEMITE for the harm, detriment and economic damage caused by the actions of BOSE, in the name of  JR METALS in an amount not less than $3,290,000 plus interest from the date of those payments.

<u>SECOND COUNT</u>

FRAUD

(RELATING TO THE TWENTY RANGE ROVER VEHICLES)

As Against All Defendants

61.     Plaintiff refers to and realleges paragraphs 1 through 60, inclusive, above as though fully set forth herein.

62.     BOSE, individually, and in the name of JRS METALS, made material representations to YOSEMITE as herein alleged as they relate to JRS METALS's purported purchase of twenty (20) Range Rover V-6s from Monument for eventual delivery to YOSEMITE.  Specifically, during the months of November and December 2013, BOSE made representations to YOSEMITE that: a) BOSE could acquire twenty (20) pre-titled and pre-owned Range Rovers from Monument; b) as a result of cancellation by an unrelated third-party, there were up to forty (40) Range Rover vehicles that could be delivered by April 2014 if the purchase price of each vehicle was paid in advance; c) BOSE would acquire twenty (20) of Range Rover vehicles through JRS METALS; d) BOSE caused the purchase price for each of the twenty (20) Range Rover vehicles to be paid, as allegedly required by Momentum Automobile Dealership, and that such payments were made through JRS METALS.

63.     When BOSE made these foregoing representations to YOSEMITE on behalf of JRS METALS, he well knew and believed the representations to be utterly false, and made these representations and promises in furtherance of his fraudulent scheme and plan and for the sole purpose and with the specific intent of deceiving YOSEMITE and persuading YOSEMITE to rely upon his false promises and fraudulent representations as true.

64.     When BOSE presented payment receipts, copy of check payment and related documentation and records to YOSEMITE, he knew all such documents and records were false and forged documents and he presented these records and documents to YOSEMITE in furtherance of his fraudulent scheme and plan and for the sole purpose of inducing reliance, and to deceive and convince YOSEMITE that his statements that these were authentic documents and his representations concerning the documents were true.

65.     Based on a prior completed transaction with BOSE and JRS METALS and given the documentation and records presented by BOSE in support of his statements and representations, which purported to show JRS METALS had in fact purchased and acquired the subject twenty (20) Range Rover vehicles and would deliver the vehicles, YOSEMITE's reliance thereon was reasonable.

66.     Had YOSEMITE known the true facts as hereto forth stated, YOSEMITE would not have engaged in any business dealings with BOSE and JRS METALS whatsoever and would not have paid JRS METALS the $2,028,765 for the twenty vehicles, which BOSE and JRS METALS did not intend to deliver.

67.     The true facts are that BOSE never intended to purchase the twenty Range Rover vehicles, through JRS METALS or otherwise. Specifically, YOSEMITE is informed and believes, and based the factual information as confirmed by Olguin, the manager of sales for Momentum Automobile Dealership, that at no time herein relevant were there ever the alleged twenty (20) Range Rover vehicles, or any other number of this type of vehicle available for purchase at Momentum Automobile Dealership due to the cancellation of any previous order made by any third party or otherwise.

68.     The Momentum Automobile Dealership never entered into the "Non-refundable Agreements" presented by BOSE to YOSEMITE, relating to sale of the twenty (20) Range Rover vehicles; and Momentum Automobile Dealership never received any payment whatsoever from either BOSE, individually, or through JRS METALS for purchase of the subject twenty (20) Range Rover vehicles.

69.     Even after BOSE and JRS METALS received $2,028,765 from YOSEMITE and, in furtherance of his fraudulent plan and scheme and with the intent to delay its discovery, BOSE represented and reassured YOSEMITE that he had in fact purchased the twenty (20) Range Rover vehicles from Momentum Automobile Dealership through JRS METALS, but the vehicles had all been seized by the FBI.

70.     BOSE further represented to YOSEMITE that JRS METALS' bank accounts had been frozen by some other, unknown federal agency in a veiled attempt to forestall any demand by YOSEMITE for the return the $2,028,765 paid into JRS METALS' bank account and thereby afford him additional time to sequester these ill-gotten gains fraudulently obtained from YOSEMITE for his own personal use and benefit, to the damage and detriment he intentionally inflicted upon YOSEMITE.

71.     The true facts are that BOSE's representations regarding the seizure of the Range Rover SUV's and the freezing of JRS METALS' financial accounts were all acts of deception and part of ongoing acts of fraud undertaken to deceive YOSEMITE by masking and concealing the true nature, width and breadth of his fraudulent activity.

72.     YOSEMITE is informed and believes that BOSE was not, at any time herein relevant, under investigation by the FBI as described; that BOSE perpetuated deception by causing a person

identifying himself as a FBI special agent to call the Wilcrest Drive office number to speak with Jim Wu regarding BOSE, and the he falsely claimed that the FBI seized twenty (20) Range Rover vehicles which were claimed to have been in BOSE's control, possession or custody.

73.     Neither the FBI nor any other federal agency engaged in the act of freezing JRS METALS' bank accounts containing the payments, BOSE received from YOSEMITE for the vehicles.

74.     YOSEMITE became aware of the fraudulent scheme surrounding BOSE and JRS METALS's activities only after repeated requests for information documenting the alleged seizure of the Range Rover vehicles or the freezing of JRS METALS' bank account went unheeded by BOSE. YOSEMITE further became concerned over BOSE and JRS METALS' activities when BOSE continued to respond to its request for information.

75.     As a direct result of the fraudulent and other illegal acts committed by BOSE and JRS METALS, YOSEMITE suffered economic harm and other damage and detriment in an amount to be proven at trial in an amount not less than $2,028,765.

76.     In doing those things and acting as herein alleged, BOSE and JRS METALS acted fraudulently, maliciously and oppressively and did so intentionally in order to cause harm to YOSEMITE and, in so doing, derive substantial benefit therefrom only for themselves.

77.     YOSEMITE is entitled to an award of economic, consequential, punitive and exemplary damages against both Defendants BOSE and JRS METALS, joint and severally, in an amount both consistent with the principals of due process and sufficient to punish Defendants and to serve as an example to others.

THIRD COUNT
FRAUD
(RELATING TO THE EIGHT RANGE ROVER SPORT VEHICLES)
Against All Defendants

78.     Plaintiff refers to and realleges paragraph 1 through 77 inclusive, above as though fully set forth herein.

79.     Separate and apart from the purported transaction for the twenty (20) Range Rover vehicles BOSE represented he would also obtain eleven (11) high-performance vehicles to be delivered to YOSEMITE.

80.     The transaction concerning the abovementioned 11 vehicles was undertaken to ingratiate himself with YOSEMITE and further gain its trust and confidence. BOSE also represented to YOSEMITE he would purchase an additional eight (8) Range Rover Sport Model vehicles through JRS METALS at a total price of $701,235.

81.     Along with these oral representations, and as was required by YOSEMITE before it would authorize any purchase, BOSE produced written records and documentation showing the make, model and model year of each vehicle, their VIN numbers, colors, description of the accessory package included in each vehicle, and purchase pricing information.

82.     After reviewing the information provided by BOSE relating to the Range Rover Sport Models, which BOSE proposed to provide through JRS METALS, YOSEMITE informed BOSE it was interested in purchasing the eight (8) Range Rover Sport Model vehicles he had identified as being available and for sale by his company, JR METALS.

- 23 -

83.     BOSE insisted that payment for the subject Range Rover Sport Model vehicles to be made in advance of their delivery.

84.     Based on BOSE's representations and previous information provided that the vehicles were available, YOSEMITE provided $701,235 to BOSE representing the purchase price to JRS METALS's designated bank account.

85.     When YOSEMITE caused the payment of $701,235 to be provided to JRS METALS, it reasonably believed, particularly in light of the information it had been provided, that BOSE's representations and promise to deliver the eight (8) vehicles were true.

86.     Had YOSEMITE known the true facts at the time, YOSEMITE would not have caused the funds to be wired to JRS METALS and would have ceased to have any further business dealings with BOSE whatsoever.

87.     The true facts are that BOSE had not purchased and did not intend to deliver the eight (8) Range Rover Sport Model vehicles, and the statements, representations and promises BOSE made to YOSEMITE that he would deliver the vehicles were knowingly false at the time they were made and were made with the intent to deceive and defraud YOSEMITE for the sole purpose of solely benefitting himself and in total disregard of the damage and detriment his deceitful actions would cause to YOSEMITE.

88.     As a direct result of the fraudulent and other illegal acts committed by BOSE and JRS METALS as herein alleged, YOSEMITE suffered economic harm and other damage and detriment in an amount to be proven at trial but in an amount of not less than $861,235.

- 24 -

89.     In doing those things and acting as herein alleged, BOSE and JRS METALS acted fraudulently, maliciously, and oppressively and did so intentionally in order to cause harm to YOSEMITE and, in so doing, derive a substantial benefit therefrom solely for themselves.

90.     YOSEMITE is entitled to an award of economic, consequential, punitive and exemplary damages against both Defendants BOSE and JRS METALS, joint and severally, in an amount both consistent with the principles of due process and sufficient to punish Defendants and to serve as an example to others.

<u>FOURTH COUNT</u>
UNJUST ENRICHMENT
As Against Both Defendants

91.     Plaintiff refers to and realleges paragraphs 1 through 90, inclusive, above as though fully set forth herein.

92.     Defendants requested and knowingly accepted $2,028,765 and $701,235 in payments for the 28 Range Rover vehicles but did not deliver any of the vehicles.

93.     Defendants never purchased or otherwise acquired any of the 28 Range Rover vehicles to resell, transfer or deliver to Plaintiff in exchange for the payments totaling $2,730,000, which they received from Plaintiff.

94.     Defendants kept the $2,730,000 payments made by Plaintiff for the vehicles and refused to return any portion of the payments after demands for a refund by Plaintiff.

95.     The $2,730,000 in payments made by Plaintiff to Defendants enriched and benefitted Defendants although they performed no services nor rendered any benefit to YOSEMITE.

96.     The $2,730,000 in payments made by Plaintiff to Defendants was and is a detriment and expense to Plaintiff.

97.     Defendants' retention of the $2,730,000 in payments made by Plaintiff and refusal to return any portion of the payments was unjust, inequitable and unconscionable.

FIFTH COUNT
BREACH OF $2.15 MILLION SETTLEMENT AGREEMENT
As Against Both Defendants

98.     Plaintiff refers to and realleges paragraphs 1 through 97 above as though fully set forth herein.

99.     After institution of this action and at the urging of Defendants, the parties, with counsel, attended a private mediation in Houston, Texas, with mediator Danielle Clarke Comeaux on August 31, 2015, and over the next few weeks, the parties continued settlement negotiations.

100.    Through a series of emails, the parties, through counsel, agreed to a settlement whereby Defendants would pay Plaintiff $2,150,000.00 as follows: $200,000.00 by November 30, 2015; $500,000.00 by January 31, 2016; $650,000.00 by July 1, 2016; $650,000.00 by December 1, 2016; and $150,000.00 by March 31, 2017.

101.    Counsel for Defendants, on September 16, 2015, confirmed the agreement to the settlement, emailing counsel for Plaintiff "… Yes, we are in agreement."

102.    On September 16, 2015, the parties had a binding settlement agreement whereby Defendants agreed to pay to Plaintiff $2,150,000.00 pursuant to the above-detailed payment schedule, with the

- 26 -

entire amount of the settlement accelerated and due if Defendants failed to comply with the payment schedule.

103.    As part of the foregoing settlement agreement, the parties further agreed that the amounts to be paid by Defendants were not dischargeable by them in bankruptcy, and further, in the case of non-performance by Defendants, Plaintiff could enter judgment for the unpaid amount.   The parties even agreed to the form of judgments to be entered in this event.

104.    On December 24, 2015, after failing to perform under the parties' settlement agreement and not having paid any of the settlement amounts to Plaintiff, counsel for Defendants emailed counsel for Plaintiff to advise that Defendants would not be performing under the settlement agreement. Defendants thus breached the parties' settlement agreement.

## VI.
## JURY DEMAND

105.    Plaintiff respectfully demands a jury.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally:

1.       For compensatory, economic and consequential damages in an amount to be proved at trial of not less than a total of $3,290,000;

2.       For restitution, and equitable and quasi-contractual relief, in an amount to be proved at trial of not less than a total of $2,730,000;

3.       For prejudgment interest at the legal rate from the time each payment was made and provided to the Defendants until the date of the judgment;

- 27 -

4.      For punitive and exemplary damages equivalent to not less than 200% of the compensatory, economic and other legal damages for a total amount of not less than twice the amount of allowable damages or $6,580,000;

5.      For liquidated damages where statutorily appropriate;

6.      For specific performance and enforcement of the parties' settlement agreement;

7.      For actual, compensatory and consequential damages arising out of Defendants' breach of the settlement agreement between the parties;

8.      For costs of suit; and

9.      For an award of reasonable attorneys' fees and costs as available under laws of the State of Texas.

THOMPSON & REILLEY, P.C.

By:      s/ *Peter Thompson*
      Peter Thompson
      State Bar No. 19898300
      Federal ID No. 11582
      600 Travis, Suite 7350
      Houston, Texas  77002
      Tel: (713) 658-0880
      Fax: (713) 658-0330
      E-mail: pthompson@thompsonreilly.com

ZHONG LUN NEW YORK LLP

By:      s/ *Kerry J. Kaltenbach*
      Kerry J. Kaltenbach (*pro hac vice*)
      Two Wall Street, 21st Floor
      New York, NY 10005
      Tel: (212) 380-8388
      Fax: (212) 810-1995
      E-mail: kerrykaltenbach@zhonglun.com

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

ZHONG LUN NEW YORK LLP
Leodis C. Matthews
Two Wall Street, 21st Floor
New York, NY 10005
Tel: (212) 380-8388
Fax: (212) 810-1995
E-mail: leodismatthews@zhonglun.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the above date, I served this document upon all parties and filing users, pursuant to the Court's Administrative Procedures for Electronic Filing in Civil and Criminal Cases, by filing it electronically via the Court's ECF System.


                                     *s/ Peter Thompson*
                                       Peter Thompson



**First Amended
Complaint -- Exhibit A**



   

## NON-REFUNDABLE AGREEMENT

Please fax back to:_____ @ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____12/09/2013_____

I___DHANRAJMALS  CHANDRABOSE, JRS METALS___, authorize Momentum JVPL to charge
(printed name)

the amount of **$93,230.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #__11575871_____ MAKE:_Land Rover_____ MODEL:_Range Rover V6___

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE_____

PURCHASERS PRINTED NAME:__D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE: D.S. Chandrabose_____

MANAGERS APPROVAL: Jimmy Olguin_____

**First Amended
Complaint -- Exhibit B**



   

## NON-REFUNDABLE AGREEMENT

Please fax back to:_____ @ 713-596-3684

___

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____12/09/2013_____

I___DHANRAJMALS CHANDRABOSE, JRS METALS___, authorize Momentum JVPL to charge
(printed name)

the amount of **$93,230.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #__11575205_____   MAKE:_Land Rover_____   MODEL:_Range Rover V6___

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE____

PURCHASERS PRINTED NAME:___D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE:_D.S.chandraBBe_____

MANAGERS APPROVAL:_Jimmy Olgain_____



   

JAGUAR          PORSCHE

## NON-REFUNDABLE AGREEMENT

Please fax back to:_____ @ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE. Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____12/09/2013_____

I____DHANRAJMALS CHANDRABOSE, JRS METALS___, authorize Momentum JVPL to charge
(printed name)

the amount of **$90,795.00** paid in full received by check. I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #__11576047_____ MAKE: _Land Rover_____ MODEL: _Range Rover V6__

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE_____

PURCHASERS PRINTED NAME:___D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE: D.S. Chandrabose_____

MANAGERS APPROVAL: Jimmy Olguin_____



   

## NON-REFUNDABLE AGREEMENT

Please fax back to:_____ @ 713-596-3684

_____

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____ 12/09/2013 _____

I____DHANRAJMALS CHANDRABOSE, JRS METALS___, authorize Momentum JVPL to charge
(printed name)

the amount of **$90,795.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #__11575922_____  MAKE:_ Land River _____  MODEL:_ Range Rover V6 __

CUSTOMER NAME:_____ D.S. Chandrabose, JRS Metals _____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE____

PURCHASERS PRINTED NAME:___ D.S. Chandrabose, JRS Metals _____

PURCHASERS SIGNATURE: _D.S. Chandrabose_____

MANAGERS APPROVAL:_ Jimmy Olguin _____



## *NON-REFUNDABLE AGREEMENT*

Please fax back to:_____ @ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____ 12/09/2013 _____

I___ DHANRAJMALS CHANDRABOSE, JRS METALS ___, authorize Momentum JVPL to charge
(printed name)

the amount of **$94,505.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #_ 11577211 _____   MAKE: _Land Rover_____   MODEL: _Range Rover V6 __

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____ __

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____ EXP DATE____

PURCHASERS PRINTED NAME: _D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE: _D.S. Chandabose_____

MANAGERS APPROVAL:___Jimmy Olguin_____



   

JAGUAR          PORSCHE

## *NON-REFUNDABLE AGREEMENT*

Please fax back to:_____@ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____12/09/2013_____

I____DHANRAJMALS  CHANDRABOSE, JRS METALS____, authorize Momentum JVPL to charge
(printed name)
the amount of **$91,005.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #__11578230_____ MAKE:_Land Rover_____ MODEL:_Range Rover V6___

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE____

PURCHASERS PRINTED NAME:___D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE:__D. S. Chandrabose_____

MANAGERS APPROVAL:_____Jimmy Olguin_____






# ////MOMENTUM

JAGUAR    VOLVO    PORSCHE    LAND ROVER

## NON-REFUNDABLE AGREEMENT

Please fax back to:_____@ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE. Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____12/09/2013_____

I____DHANRAJMALS CHANDRABOSE, JRS METALS____, authorize Momentum JVPL to charge
(printed name)

the amount of **$91,005.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #_11578364_____ MAKE:_Land Rover_____ MODEL:_Range Rover V6__

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE____

PURCHASERS PRINTED NAME:____D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE:_D.S. Chandrabose____

MANAGERS APPROVAL:_Jimmy Olguin_____



   

JAGUAR    VOLVO    PORSCHE    LAND ROVER

## NON-REFUNDABLE AGREEMENT

Please fax back to:_____ @ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____ 12/09/2013 _____

I___ DHANRAJMALS  CHANDRABOSE, JRS METALS ___, authorize Momentum JVPL to charge
(printed name)

the amount of **$91,005.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of  D.S. Chandrabose, JRS Metals 
(Name(s) on the vehicle buyer's order)

STOCK #__11578478_____ MAKE:_Land Rover____ MODEL:_Range Rover V6__

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____ EXP DATE____

PURCHASERS PRINTED NAME:___D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE:__D.S. Chantabose_____

MANAGERS APPROVAL:__Jimmy Olguin_____

# ////MOMENTUM

   

JAGUAR        VOLVO        PORSCHE        LAND ROVER

## *NON-REFUNDABLE AGREEMENT*

Please fax back to:_____@ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____ 12/09/2013 _____

I____ DHANRAJMALS CHANDRABOSE, JRS METALS ____, authorize Momentum JVPL to charge
(printed name)

the amount of **$91,005.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #_ 11578620 _____ MAKE: _Land Rover_____ MODEL:_ Range Rover V6___

CUSTOMER NAME:_____ D.S. Chandrabose, JRS Metals _____

___ BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE____

PURCHASERS PRINTED NAME:___ D.S. Chandrabose, JRS Metals _____

PURCHASERS SIGNATURE: *D.S Chandrabose*

MANAGERS APPROVAL:___ *Jammy Olguin* ____



   

JAGUAR     PORSCHE     LAND ROVER

## NON-REFUNDABLE AGREEMENT

Please fax back to:_____ @ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE. Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____12/09/2013_____

I___DHANRAJMALS CHANDRABOSE, JRS METALS___, authorize Momentum JVPL to charge
(printed name)

the amount of **$92,205.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #__11579245_____ MAKE:_Land Rover_____ MODEL:_Range Rover V6__

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE____

PURCHASERS PRINTED NAME:___D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE:___DS. Chandrabose___

MANAGERS APPROVAL:___Jimmy Olguin___

# ///MOMENTUM

   

JAGUAR          PORSCHE          LAND-ROVER

## *NON-REFUNDABLE AGREEMENT*

Please fax back to:_____@ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____ 12/09/2013 _____

I___ DHANRAJMALS CHANDRABOSE, JRS METALS ___, authorize Momentum JVPL to charge
(printed name)

the amount of **$92,205.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #_11579457_____ MAKE: _Land Rover_____ MODEL: _Range Rover V6__

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE_____

PURCHASERS PRINTED NAME:_D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE: _DS.Chandrabose_____

MANAGERS APPROVAL:_Jimmy Olguin_____

011

   

# ////MOMENTUM

JAGUAR     PORSCHE     LAND ROVER

## *NON-REFUNDABLE AGREEMENT*

Please fax back to:_____ @ 713-596-3684

_____

THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.

UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.

PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original deposit

DATE:_____ 12/09/2013 _____

I____ DHANRAJMALS  CHANDRABOSE, JRS METALS ____, authorize Momentum JVPL to charge
(printed name)

the amount of **$94,505.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of D.S. Chandrabose, JRS Metals
(Name(s) on the vehicle buyer's order)

STOCK # __11579608_____    MAKE:_ Land Rover _____ MODEL:_ Range Rover V6 __

CUSTOMER NAME:_____ D.S. Chandrabose, JRS Metals _____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE____

PURCHASERS PRINTED NAME:___ D.S. Chandrabose, JRS Metals _____

PURCHASERS SIGNATURE:___ D.S. Chandrabose ____

MANAGERS APPROVAL:___ Jimmy Olguin ____



   

## NON-REFUNDABLE AGREEMENT

Please fax back to:_____@ 713-596-3684

---

THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.

UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.

PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original deposit

DATE:_____12/09/2013_____

I___DHANRAJMALS CHANDRABOSE, JRS METALS___, authorize Momentum JVPL to charge
(printed name)

the amount of **$94,505.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #__11579615_____ MAKE:_Land Rover_____ MODEL:_Range Rover V6__

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____ _____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE_____

PURCHASERS PRINTED NAME:___D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE:_D.S. Chandrabose_____

MANAGERS APPROVAL:_Jimmy Alguin_____

013



   

JAGUAR                    PORSCHE

## NON-REFUNDABLE AGREEMENT

Please fax back to:_____ @ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____12/09/2013_____

I___DHANRAJMALS CHANDRABOSE, JRS METALS___, authorize Momentum JVPL to charge
(printed name)

the amount of **$90,795.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #__11576436____ MAKE:_Land Rover____ MODEL:_Range Rover V6__

CUSTOMER NAME:____D.S. Chandrabose, JRS Metals_____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE____

PURCHASERS PRINTED NAME:____D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE:___D.S. Chandrabose_____

MANAGERS APPROVAL:___Jimmy Olguin_____



   

## NON-REFUNDABLE AGREEMENT

Please fax back to:_____ @ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE. Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____ 12/09/2013 _____

I___ DHANRAJMALS CHANDRABOSE, JRS METALS ___, authorize Momentum JVPL to charge
(printed name)

the amount of **$93,855.00** paid in full received by check. I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #_ 11576625 _____ MAKE:_Land Rover_____ MODEL:_ Range Rover V6__

CUSTOMER NAME:_____ D.S. Chandrabose, JRS Metals _____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE____

PURCHASERS PRINTED NAME:____ D.S. Chandrabose, JRS Metals _____

PURCHASERS SIGNATURE:_ D.S. Chandrabose _____

MANAGERS APPROVAL:___ Jimmy Algien _____



   

JAGUAR · VOLVO · PORSCHE · LAND ROVER

## NON-REFUNDABLE AGREEMENT

Please fax back to:_____ @ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE. Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____12/09/2013_____

I___DHANRAJMALS CHANDRABOSE, JRS METALS___, authorize Momentum JVPL to charge
(printed name)

the amount of **$93,855.00** paid in full received by check. I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #__11575819_____ MAKE:_Land Rover_____ MODEL:_Range Rover V6__

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____ EXP DATE____

PURCHASERS PRINTED NAME:___D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE:_D.S. chandaBose_____

MANAGERS APPROVAL:____Jimmy Olguin_____



   

JAGUAR          PORSCHE        ROVER

## *NON-REFUNDABLE AGREEMENT*

Please fax back to:_____@ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____12/09/2013_____

I____DHANRAJMALS  CHANDRABOSE, JRS METALS___, authorize Momentum JVPL to charge
(printed name)

the amount of **$90,795.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #__11576081_____   MAKE:_Land Rover_____   MODEL:_Range Rover V6_

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE_____

PURCHASERS PRINTED NAME:___D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE:___D.S. Chandrabose_____

MANAGERS APPROVAL:___Jimmy Olguin_____

# ///MOMENTUM

   

JAGUAR          VOLVO          PORSCHE          LAND ROVER

## *NON-REFUNDABLE AGREEMENT*

Please fax back to:_____ @ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____12/09/2013_____

I___DHANRAJMALS CHANDRABOSE, JRS METALS___, authorize Momentum JVPL to charge
(printed name)

the amount of **$92,805.00** paid in full received by check.  I understand that this amount is for
goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #__11575040_____ MAKE: _Land Rover_____ MODEL: _Range Rover V6__

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE_____

PURCHASERS PRINTED NAME:__D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE: D.S Chandrabose

MANAGERS APPROVAL: Jimmy Olguin






# //MOMENTUM

JAGUAR        PORSCHE        LAND ROVER

## *NON-REFUNDABLE AGREEMENT*

Please fax back to:_____@ 713-596-3684

---

THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.

UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE
FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER.
DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE
PAYMENT WILL BE FORFEITED.

PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS
AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original
deposit

DATE:_____12/09/2013_____

I____DHANRAJMALS CHANDRABOSE, JRS METALS____, authorize Momentum JVPL to charge
(printed name)

the amount of **$92,805.00** paid in full received by check.  I understand that this amount is for
goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #__11575117_____ MAKE:_Land Rover_____ MODEL:_Range Rover V6__

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE____

PURCHASERS PRINTED NAME:___D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE:_D.S. Chandrabose_____

MANAGERS APPROVAL:_Jimmy Olguin_____

     
# ///MOMENTUM

   

JAGUAR          PORSCHE          LAND ROVER

## *NON-REFUNDABLE AGREEMENT*

Please fax back to:_____ @ 713-596-3684

---

**THIS PAYMENT IS TOWARDS THE PURCHASE OF THE VEHICLE BY THE PURCHASER.**

**UPON ACCEPTANCE OF THE PAYMENT THE SELLER IS REMOVING THIS VEHICLE FROM THE OPEN MARKET ACCORDING TO THE TERMS OF THE PURCHASE ORDER. DEFAULT BY THE PURCHASER WILL RETURN THE CAR TO THE OPEN MARKET AND THE PAYMENT WILL BE FORFEITED.**

**PLEASE DO NOT TENDER A PAYMENT IF YOU DO NOT INTEND TO PURCHASE THIS AUTOMOBILE.  Transactions must be finalized within five 5 days business days from original deposit**

DATE:_____12/09/2013_____

I____DHANRAJMALS CHANDRABOSE, JRS METALS___, authorize Momentum JVPL to charge
(printed name)

the amount of **$94,505.00** paid in full received by check.  I understand that this amount is for goods or services rendered and accepted in the name of _D.S. Chandrabose, JRS Metals_
(Name(s) on the vehicle buyer's order)

STOCK #__11577094_____ MAKE:_Land Rover_____ MODEL:_Range Rover V6_

CUSTOMER NAME:_____D.S. Chandrabose, JRS Metals_____

___BANK DEBIT___AMEX___VISA___MC___DISCOVER___DINERS CLUB

CREDIT CARD#:_____EXP DATE_____

PURCHASERS PRINTED NAME:___D.S. Chandrabose, JRS Metals_____

PURCHASERS SIGNATURE: D.S. Chondrabose

MANAGERS APPROVAL: Jimmy Olguin

## Momentum Jaguar Volvo Porsche

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**       SALES MANAGER: _____ Jimmy Olguin _____

STOCK #: _____ 11575871 _____       DEAL #: _____ 710718 _____

DATE: _____ 12/09/2013 _____       EMPLOYEE #: _____

| | | | |
|---|---|---|---|
| ☐ | DRIVER'S LICENSE-Exp. Date__/__/__/ | ☐ | VIN # _____ |
| ☐ | COSIGNER'S LICENSE-Exp. Date__/__/__/ | ☐ | MILEAGE _____ 0 _____ |
| ☐ | INSURANCE CARD-Exp. Date__/__/__/ | ☐ | REGISTRATION INFO SHEET |
| ☐ | CREDIT APPLICATION (Signed) | ☐ | MONEY |
| ☐ | CREDIT BUREAU (Both if Co-Buyer) | ☐ | WE OWE BILL |
| ☒ | BUYER'S ORDER:Manager's Signature | ☐ | IN-SERVICE DATE__/__/__/ |
| ☐ | BUYER'S ORDER:Customer's Signature | ☐ | CPO UNIT__Yes or__No |
| ☐ | BUYER'S ORDER:Complete Trade Info. | ☐ | SELECT PAPERWORK COMPLETE |
| ☒ | FACTORY INVOICE (New) | ☐ | QC CHECKLIST |
| ☐ | NADA BOOKOUT SHEET (Used) | ☐ | PRIVACY ACT FORM |
| ☐ | APPRAISAL SLIP (Complete/Signed by UC Mgr) | ☐ | ETCH PRO # |
| ☒ | PAYOFF VERIFIED | ☐ | DO NOT CALL |
| ☐ | TWIX ON TRADE | ☐ | ELEAD DRIVER SCREEN |
| ☐ | DCS # | | |

_____ *Jimmy Olguin* _____
SALES MGR'S SIGNATURE

**Paid in Full**
F&I (All Cash & Outside Finance)

| SENT TO: _____ | SENT TO: _____ | SENT TO: _____ |
|---|---|---|
| DATE: _____ | DATE: _____ | DATE: _____ |
| TIME: _____ | TIME: _____ | TIME: _____ |

## First Amended Complaint -- Exhibit C

## Momentum Jaguar Volvo Porsche

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**     SALES MANAGER: _Jimmy Olguin_

STOCK #: _11575205_     DEAL #: _710718_

DATE: _12/09/2013_     EMPLOYEE #: _____

☐ DRIVER'S LICENSE-Exp. Date__/__/__/     ☐ VIN # _____

☐ COSIGNER'S LICENSE-Exp. Date__/__/__/     ☐ MILEAGE _0_

☐ INSURANCE CARD-Exp. Date__/__/__/     ☐ REGISTRATION INFO SHEET

☐ CREDIT APPLICATION (Signed)     ☐ MONEY

☐ CREDIT BUREAU (Both if Co-Buyer)     ☐ WE OWE BILL

☒ BUYER'S ORDER:Manager's Signature     ☐ IN-SERVICE DATE__/__/__/

☐ BUYER'S ORDER:Customer's Signature     ☐ CPO UNIT__Yes or__No

☐ BUYER'S ORDER:Complete Trade Info.     ☐ SELECT PAPERWORK COMPLETE

☒ FACTORY INVOICE (New)     ☐ QC CHECKLIST

☐ NADA BOOKOUT SHEET (Used)     ☐ PRIVACY ACT FORM

☐ APPRAISAL SLIP (Complete/Signed by UC Mgr)     ☐ ETCH PRO #

☒ PAYOFF VERIFIED     ☐ DO NOT CALL

☐ TWIX ON TRADE     ☐ ELEAD DRIVER SCREEN

☐ DCS #

_Jimmy Olguin_
SALES MGR'S SIGNATURE

**Paid in Full**
F&I (All Cash & Outside Finance)

| SENT TO: _____ | SENT TO: _____ | SENT TO: _____ |
| DATE: _____ | DATE: _____ | DATE: _____ |
| TIME: _____ | TIME: _____ | TIME: _____ |

## Momentum Jaguar Volvo Porsche

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**       SALES MANAGER: **Jimmy Olguin**

STOCK #: **11576047**       DEAL #: **710718**

DATE: **12/09/2013**       EMPLOYEE #:

| | |
|---|---|
| ☐ DRIVER'S LICENSE-Exp. Date__/__/__/ | ☐ VIN # |
| ☐ COSIGNER'S LICENSE-Exp. Date__/__/__/ | ☐ MILEAGE              0 |
| ☐ INSURANCE CARD-Exp. Date__/__/__/ | ☐ REGISTRATION INFO SHEET |
| ☐ CREDIT APPLICATION (Signed) | ☐ MONEY |
| ☐ CREDIT BUREAU (Both if Co-Buyer) | ☐ WE OWE BILL |
| ☒ BUYER'S ORDER:Manager's Signature | ☐ IN-SERVICE DATE__/__/__/ |
| ☐ BUYER'S ORDER:Customer's Signature | ☐ CPO UNIT__Yes or__No |
| ☐ BUYER'S ORDER:Complete Trade Info. | ☐ SELECT PAPERWORK COMPLETE |
| ☒ FACTORY INVOICE (New) | ☐ QC CHECKLIST |
| ☐ NADA BOOKOUT SHEET (Used) | ☐ PRIVACY ACT FORM |
| ☐ APPRAISAL SLIP (Complete/Signed by UC Mgr) | ☐ ETCH PRO # |
| ☒ PAYOFF VERIFIED | ☐ DO NOT CALL |
| ☐ TWIX ON TRADE | ☐ ELEAD DRIVER SCREEN |
| ☐ DCS # | |

SALES MGR'S SIGNATURE

**Paid in Full**
F&I (All Cash & Outside Finance)

| SENT TO: | SENT TO: | SENT TO: |
|---|---|---|
| DATE: | DATE: | DATE: |
| TIME: | TIME: | TIME: |

# Momentum Jaguar Volvo Porsche

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**          SALES MANAGER: __Jimmy Olguin__

STOCK #: __11575922__          DEAL #: __710718__

DATE: __12/09/2013__          EMPLOYEE #: _____

| | |
|---|---|
| ☐ DRIVER'S LICENSE-Exp. Date__/__/__/ | ☐ VIN # _____ |
| ☐ COSIGNER'S LICENSE-Exp. Date__/__/__/ | ☐ MILEAGE          0 |
| ☐ INSURANCE CARD-Exp. Date__/__/__/ | ☐ REGISTRATION INFO SHEET |
| ☐ CREDIT APPLICATION (Signed) | ☐ MONEY |
| ☐ CREDIT BUREAU (Both if Co-Buyer) | ☐ WE OWE BILL |
| ☒ BUYER'S ORDER:Manager's Signature | ☐ IN-SERVICE DATE__/__/__/ |
| ☐ BUYER'S ORDER:Customer's Signature | ☐ CPO UNIT__Yes or__No |
| ☐ BUYER'S ORDER:Complete Trade Info. | ☐ SELECT PAPERWORK COMPLETE |
| ☒ FACTORY INVOICE (New) | ☐ QC CHECKLIST |
| ☐ NADA BOOKOUT SHEET (Used) | ☐ PRIVACY ACT FORM |
| ☐ APPRAISAL SLIP (Complete/Signed by UC Mgr) | ☐ ETCH PRO # |
| ☒ PAYOFF VERIFIED | ☐ DO NOT CALL |
| ☐ TWIX ON TRADE | ☐ ELEAD DRIVER SCREEN |
| ☐ DCS # | |

_____ *Jimmy Olguin* _____
SALES MGR'S SIGNATURE

__**Paid in Full**__
F&I (All Cash & Outside Finance)

| SENT TO: _____ | SENT TO: _____ | SENT TO: _____ |
|---|---|---|
| DATE: _____ | DATE: _____ | DATE: _____ |
| TIME: _____ | TIME: _____ | TIME: _____ |

004

## Momentum Jaguar Volvo Porsche

CUSTOMER: __DHANRAJMALS CHANDRABOSE JRS METALS__     SALES MANAGER: __Jimmy Olguin__

STOCK #: __11577211__     DEAL #: __710718__

DATE: __12/09/2013__     EMPLOYEE #: _____

| | | | |
|---|---|---|---|
| ☐ DRIVER'S LICENSE-Exp. Date__/__/__/ | | ☐ VIN # _____ |
| ☐ COSIGNER'S LICENSE-Exp. Date__/__/__/ | | ☐ MILEAGE     0 |
| ☐ INSURANCE CARD-Exp. Date__/__/__/ | | ☐ REGISTRATION INFO SHEET |
| ☐ CREDIT APPLICATION (Signed) | | ☐ MONEY |
| ☐ CREDIT BUREAU (Both if Co-Buyer) | | ☐ WE OWE BILL |
| ☒ BUYER'S ORDER:Manager's Signature | | ☐ IN-SERVICE DATE__/__/__/ |
| ☐ BUYER'S ORDER:Customer's Signature | | ☐ CPO UNIT__Yes or__No |
| ☐ BUYER'S ORDER:Complete Trade Info. | | ☐ SELECT PAPERWORK COMPLETE |
| ☒ FACTORY INVOICE (New) | | ☐ QC CHECKLIST |
| ☐ NADA BOOKOUT SHEET (Used) | | ☐ PRIVACY ACT FORM |
| ☐ APPRAISAL SLIP (Complete/Signed by UC Mgr) | | ☐ ETCH PRO # |
| ☒ PAYOFF VERIFIED | | ☐ DO NOT CALL |
| ☐ TWIX ON TRADE | | ☐ ELEAD DRIVER SCREEN |
| ☐ DCS # | | |

_Jimmy Olguin_
SALES MGR'S SIGNATURE

__Paid in Full__
F&I (All Cash & Outside Finance)

| SENT TO: _____ | SENT TO: _____ | SENT TO: _____ |
|---|---|---|
| DATE: _____ | DATE: _____ | DATE: _____ |
| TIME: _____ | TIME: _____ | TIME: _____ |

## Momentum Jaguar Volvo Porsche

CUSTOMER: __DHANRAJMALS CHANDRABOSE JRS METALS__    SALES MANAGER: __Jimmy Olguin__

STOCK #: __11578230__    DEAL #: __710718__

DATE: __12/09/2013__    EMPLOYEE #: _____

- [ ] DRIVER'S LICENSE-Exp. Date__/__/__/
- [ ] COSIGNER'S LICENSE-Exp. Date__/__/__/
- [ ] INSURANCE CARD-Exp. Date__/__/__/
- [ ] CREDIT APPLICATION (Signed)
- [ ] CREDIT BUREAU (Both if Co-Buyer)
- [X] BUYER'S ORDER:Manager's Signature
- [ ] BUYER'S ORDER:Customer's Signature
- [ ] BUYER'S ORDER:Complete Trade Info.
- [X] FACTORY INVOICE (New)
- [ ] NADA BOOKOUT SHEET (Used)
- [ ] APPRAISAL SLIP (Complete/Signed by UC Mgr)
- [X] PAYOFF VERIFIED
- [ ] TWIX ON TRADE
- [ ] DCS #

- [ ] VIN # _____
- [ ] MILEAGE    0
- [ ] REGISTRATION INFO SHEET
- [ ] MONEY
- [ ] WE OWE BILL
- [ ] IN-SERVICE DATE__/__/__/
- [ ] CPO UNIT__Yes or__No
- [ ] SELECT PAPERWORK COMPLETE
- [ ] QC CHECKLIST
- [ ] PRIVACY ACT FORM
- [ ] ETCH PRO #
- [ ] DO NOT CALL
- [ ] ELEAD DRIVER SCREEN

SALES MGR'S SIGNATURE _Jimmy Olguin_

__Paid in Full__
F&I (All Cash & Outside Finance)

| SENT TO: _____ | SENT TO: _____ | SENT TO: _____ |
|---|---|---|
| DATE: _____ | DATE: _____ | DATE: _____ |
| TIME: _____ | TIME: _____ | TIME: _____ |

006

## Momentum Jaguar Volvo Porsche

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**           SALES MANAGER: __Jimmy Olguin__

STOCK #: __11578364__                DEAL #: __710718__

DATE: __12/09/2013__                 EMPLOYEE #: _____

| | |
|---|---|
| ☐ DRIVER'S LICENSE-Exp. Date __/ __/ __/ | ☐ VIN # _____ |
| ☐ COSIGNER'S LICENSE-Exp. Date __/ __/ __/ | ☐ MILEAGE ____0____ |
| ☐ INSURANCE CARD-Exp. Date __/ __/ __/ | ☐ REGISTRATION INFO SHEET |
| ☐ CREDIT APPLICATION (Signed) | ☐ MONEY |
| ☐ CREDIT BUREAU (Both if Co-Buyer) | ☐ WE OWE BILL |
| ☒ BUYER'S ORDER:Manager's Signature | ☐ IN-SERVICE DATE __/ __/ __/ |
| ☐ BUYER'S ORDER:Customer's Signature | ☐ CPO UNIT__Yes or__No |
| ☐ BUYER'S ORDER:Complete Trade Info. | ☐ SELECT PAPERWORK COMPLETE |
| ☒ FACTORY INVOICE (New) | ☐ QC CHECKLIST |
| ☐ NADA BOOKOUT SHEET (Used) | ☐ PRIVACY ACT FORM |
| ☐ APPRAISAL SLIP (Complete/Signed by UC Mgr) | ☐ ETCH PRO # |
| ☒ PAYOFF VERIFIED | ☐ DO NOT CALL |
| ☐ TWIX ON TRADE | ☐ ELEAD DRIVER SCREEN |
| ☐ DCS # | |

_Jimmy Olguin_
SALES MGR'S SIGNATURE

_____ **Paid in Full** _____
F&I (All Cash & Outside Finance)

| SENT TO: _____ | SENT TO: _____ | SENT TO: _____ |
|---|---|---|
| DATE: _____ | DATE: _____ | DATE: _____ |
| TIME: _____ | TIME: _____ | TIME: _____ |
| | | |

## Momentum Jaguar Volvo Porsche

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**    SALES MANAGER: **Jimmy Olguin**

STOCK #: **11578478**    DEAL #: **710718**

DATE: **12/09/2013**    EMPLOYEE #: _____

- [ ] DRIVER'S LICENSE-Exp. Date __/ __/ __/
- [ ] COSIGNER'S LICENSE-Exp. Date __/ __/ __/
- [ ] INSURANCE CARD-Exp. Date __/ __/ __/
- [ ] CREDIT APPLICATION (Signed)
- [ ] CREDIT BUREAU (Both if Co-Buyer)
- [X] BUYER'S ORDER:Manager's Signature
- [ ] BUYER'S ORDER:Customer's Signature
- [ ] BUYER'S ORDER:Complete Trade Info.
- [X] FACTORY INVOICE (New)
- [ ] NADA BOOKOUT SHEET (Used)
- [ ] APPRAISAL SLIP (Complete/Signed by UC Mgr)
- [X] PAYOFF VERIFIED
- [ ] TWIX ON TRADE
- [ ] DCS #

- [ ] VIN # _____
- [ ] MILEAGE    0
- [ ] REGISTRATION INFO SHEET
- [ ] MONEY
- [ ] WE OWE BILL
- [ ] IN-SERVICE DATE __/ __/ __/
- [ ] CPO UNIT __Yes or __No
- [ ] SELECT PAPERWORK COMPLETE
- [ ] QC CHECKLIST
- [ ] PRIVACY ACT FORM
- [ ] ETCH PRO #
- [ ] DO NOT CALL
- [ ] ELEAD DRIVER SCREEN

*Jimmy Olguin*

SALES MGR'S SIGNATURE

**Paid in Full**

F&I (All Cash & Outside Finance)

| SENT TO: _____ | SENT TO: _____ | SENT TO: _____ |
|---|---|---|
| DATE: _____ | DATE: _____ | DATE: _____ |
| TIME: _____ | TIME: _____ | TIME: _____ |

## Momentum Jaguar Volvo Porsche

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**   SALES MANAGER: **Jimmy Olguin**

STOCK #: 11578620   DEAL #: 710718

DATE: 12/09/2013   EMPLOYEE #:

- [ ] DRIVER'S LICENSE-Exp. Date__/__/__/
- [ ] COSIGNER'S LICENSE-Exp. Date__/__/__/
- [ ] INSURANCE CARD-Exp. Date__/__/__/
- [ ] CREDIT APPLICATION (Signed)
- [ ] CREDIT BUREAU (Both if Co-Buyer)
- [X] BUYER'S ORDER:Manager's Signature
- [ ] BUYER'S ORDER:Customer's Signature
- [ ] BUYER'S ORDER:Complete Trade Info.
- [X] FACTORY INVOICE (New)
- [ ] NADA BOOKOUT SHEET (Used)
- [ ] APPRAISAL SLIP (Complete/Signed by UC Mgr)
- [X] PAYOFF VERIFIED
- [ ] TWIX ON TRADE
- [ ] DCS #

- [ ] VIN #
- [ ] MILEAGE    0
- [ ] REGISTRATION INFO SHEET
- [ ] MONEY
- [ ] WE OWE BILL
- [ ] IN-SERVICE DATE__/__/__/
- [ ] CPO UNIT__Yes or__No
- [ ] SELECT PAPERWORK COMPLETE
- [ ] QC CHECKLIST
- [ ] PRIVACY ACT FORM
- [ ] ETCH PRO #
- [ ] DO NOT CALL
- [ ] ELEAD DRIVER SCREEN

_Jimmy Olguin_

SALES MGR'S SIGNATURE

**Paid in Full**

F&I (All Cash & Outside Finance)

| SENT TO: | SENT TO: | SENT TO: |
|---|---|---|
| DATE: | DATE: | DATE: |
| TIME: | TIME: | TIME: |

## Momentum Jaguar Volvo Porsche

| | |
|---|---|
| CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS** | SALES MANAGER: **Jimmy Olguin** |
| STOCK #: **11579245** | DEAL #: **710718** |
| DATE: **12/09/2013** | EMPLOYEE #: |

- [ ] DRIVER'S LICENSE-Exp. Date__/__/__/
- [ ] COSIGNER'S LICENSE-Exp. Date__/__/__/
- [ ] INSURANCE CARD-Exp. Date__/__/__/
- [ ] CREDIT APPLICATION (Signed)
- [ ] CREDIT BUREAU (Both if Co-Buyer)
- [X] BUYER'S ORDER:Manager's Signature
- [ ] BUYER'S ORDER:Customer's Signature
- [ ] BUYER'S ORDER:Complete Trade Info.
- [X] FACTORY INVOICE (New)
- [ ] NADA BOOKOUT SHEET (Used)
- [ ] APPRAISAL SLIP (Complete/Signed by UC Mgr)
- [X] PAYOFF VERIFIED
- [ ] TWIX ON TRADE
- [ ] DCS #

- [ ] VIN #
- [ ] MILEAGE **0**
- [ ] REGISTRATION INFO SHEET
- [ ] MONEY
- [ ] WE OWE BILL
- [ ] IN-SERVICE DATE__/__/__/
- [ ] CPO UNIT__Yes or__No
- [ ] SELECT PAPERWORK COMPLETE
- [ ] QC CHECKLIST
- [ ] PRIVACY ACT FORM
- [ ] ETCH PRO #
- [ ] DO NOT CALL
- [ ] ELEAD DRIVER SCREEN

*Jimmy Olguin*

SALES MGR'S SIGNATURE

**Paid in Full**
F&I (All Cash & Outside Finance)

| | | |
|---|---|---|
| SENT TO: | SENT TO: | SENT TO: |
| DATE: | DATE: | DATE: |
| TIME: | TIME: | TIME: |

## Momentum Jaguar Volvo Porsche

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**    SALES MANAGER: **Jimmy Olguin**

STOCK #: **11579457**    DEAL #: **710718**

DATE: **12/09/2013**    EMPLOYEE #:

| | |
|---|---|
| ☐ DRIVER'S LICENSE-Exp. Date__/__/__/ | ☐ VIN # |
| ☐ COSIGNER'S LICENSE-Exp. Date__/__/__/ | ☐ MILEAGE **0** |
| ☐ INSURANCE CARD-Exp. Date__/__/__/ | ☐ REGISTRATION INFO SHEET |
| ☐ CREDIT APPLICATION (Signed) | ☐ MONEY |
| ☐ CREDIT BUREAU (Both if Co-Buyer) | ☐ WE OWE BILL |
| ☒ BUYER'S ORDER:Manager's Signature | ☐ IN-SERVICE DATE__/__/__/ |
| ☐ BUYER'S ORDER:Customer's Signature | ☐ CPO UNIT__Yes or__No |
| ☐ BUYER'S ORDER:Complete Trade Info. | ☐ SELECT PAPERWORK COMPLETE |
| ☒ FACTORY INVOICE (New) | ☐ QC CHECKLIST |
| ☐ NADA BOOKOUT SHEET (Used) | ☐ PRIVACY ACT FORM |
| ☐ APPRAISAL SLIP (Complete/Signed by UC Mgr) | ☐ ETCH PRO # |
| ☒ PAYOFF VERIFIED | ☐ DO NOT CALL |
| ☐ TWIX ON TRADE | ☐ ELEAD DRIVER SCREEN |
| ☐ DCS # | |

*Jimmy Olguin*
SALES MGR'S SIGNATURE

**Paid in Full**
F&I (All Cash & Outside Finance)

| SENT TO: _____ | SENT TO: _____ | SENT TO: _____ |
|---|---|---|
| DATE: _____ | DATE: _____ | DATE: _____ |
| TIME: _____ | TIME: _____ | TIME: _____ |

## Momentum Jaguar Volvo Porsche

CUSTOMER: __DHANRAJMALS CHANDRABOSE JRS METALS__     SALES MANAGER: __Jimmy Olguin__

STOCK #: __11579608__     DEAL #: __710718__

DATE: __12/09/2013__     EMPLOYEE #: _____

| | |
|---|---|
| ☐ DRIVER'S LICENSE-Exp. Date__/__/__/ | ☐ VIN # _____ |
| ☐ COSIGNER'S LICENSE-Exp. Date__/__/__/ | ☐ MILEAGE __0__ |
| ☐ INSURANCE CARD-Exp. Date__/__/__/ | ☐ REGISTRATION INFO SHEET |
| ☐ CREDIT APPLICATION (Signed) | ☐ MONEY |
| ☐ CREDIT BUREAU (Both if Co-Buyer) | ☐ WE OWE BILL |
| ☒ BUYER'S ORDER:Manager's Signature | ☐ IN-SERVICE DATE__/__/__/ |
| ☐ BUYER'S ORDER:Customer's Signature | ☐ CPO UNIT__Yes or__No |
| ☐ BUYER'S ORDER:Complete Trade Info. | ☐ SELECT PAPERWORK COMPLETE |
| ☒ FACTORY INVOICE (New) | ☐ QC CHECKLIST |
| ☐ NADA BOOKOUT SHEET (Used) | ☐ PRIVACY ACT FORM |
| ☐ APPRAISAL SLIP (Complete/Signed by UC Mgr) | ☐ ETCH PRO # |
| ☒ PAYOFF VERIFIED | ☐ DO NOT CALL |
| ☐ TWIX ON TRADE | ☐ ELEAD DRIVER SCREEN |
| ☐ DCS # | |

SALES MGR'S SIGNATURE

__Paid in Full__
F&I (All Cash & Outside Finance)

| SENT TO: _____ | SENT TO: _____ | SENT TO: _____ |
|---|---|---|
| DATE: _____ | DATE: _____ | DATE: _____ |
| TIME: _____ | TIME: _____ | TIME: _____ |

## *Momentum Jaguar Volvo Porsche*

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**    SALES MANAGER: **Jimmy Olguin**

STOCK #: **11579615**    DEAL #: **710718**

DATE: **12/09/2013**    EMPLOYEE #:

| | |
|---|---|
| ☐ DRIVER'S LICENSE-Exp. Date_/ _/ _/ | ☐ VIN # |
| ☐ COSIGNER'S LICENSE-Exp. Date_/ _/ _/ | ☐ MILEAGE    0 |
| ☐ INSURANCE CARD-Exp. Date_/ _/ _/ | ☐ REGISTRATION INFO SHEET |
| ☐ CREDIT APPLICATION (Signed) | ☐ MONEY |
| ☐ CREDIT BUREAU (Both if Co-Buyer) | ☐ WE OWE BILL |
| ☒ BUYER'S ORDER:Manager's Signature | ☐ IN-SERVICE DATE_/ _/ _/ |
| ☐ BUYER'S ORDER:Customer's Signature | ☐ CPO UNIT__Yes or__No |
| ☐ BUYER'S ORDER:Complete Trade Info. | ☐ SELECT PAPERWORK COMPLETE |
| ☒ FACTORY INVOICE (New) | ☐ QC CHECKLIST |
| ☐ NADA BOOKOUT SHEET (Used) | ☐ PRIVACY ACT FORM |
| ☐ APPRAISAL SLIP (Complete/Signed by UC Mgr) | ☐ ETCH PRO # |
| ☒ PAYOFF VERIFIED | ☐ DO NOT CALL |
| ☐ TWIX ON TRADE | ☐ ELEAD DRIVER SCREEN |
| ☐ DCS # | |

SALES MGR'S SIGNATURE *Jimmy Olguin*

**Paid in Full**
F&I (All Cash & Outside Finance)

| SENT TO: | SENT TO: | SENT TO: |
|---|---|---|
| DATE: | DATE: | DATE: |
| TIME: | TIME: | TIME: |

## Momentum Jaguar Volvo Porsche

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**     SALES MANAGER: **Jimmy Olguin**

STOCK #: **11576436**     DEAL #: **710718**

DATE: **12/09/2013**     EMPLOYEE #:

| | |
|---|---|
| ☐ DRIVER'S LICENSE-Exp. Date__/ __/ __/ | ☐ VIN # |
| ☐ COSIGNER'S LICENSE-Exp. Date__/ __/ __/ | ☐ MILEAGE __0__ |
| ☐ INSURANCE CARD-Exp. Date__/ __/ __/ | ☐ REGISTRATION INFO SHEET |
| ☐ CREDIT APPLICATION (Signed) | ☐ MONEY |
| ☐ CREDIT BUREAU (Both if Co-Buyer) | ☐ WE OWE BILL |
| ☒ BUYER'S ORDER:Manager's Signature | ☐ IN-SERVICE DATE__/ __/ __/ |
| ☐ BUYER'S ORDER:Customer's Signature | ☐ CPO UNIT__Yes or__No |
| ☐ BUYER'S ORDER:Complete Trade Info. | ☐ SELECT PAPERWORK COMPLETE |
| ☒ FACTORY INVOICE (New) | ☐ QC CHECKLIST |
| ☐ NADA BOOKOUT SHEET (Used) | ☐ PRIVACY ACT FORM |
| ☐ APPRAISAL SLIP (Complete/Signed by UC Mgr) | ☐ ETCH PRO # |
| ☒ PAYOFF VERIFIED | ☐ DO NOT CALL |
| ☐ TWIX ON TRADE | ☐ ELEAD DRIVER SCREEN |
| ☐ DCS # | |

SALES MGR'S SIGNATURE

**Paid in Full**
F&I (All Cash & Outside Finance)

| SENT TO: | SENT TO: | SENT TO: |
|---|---|---|
| DATE: | DATE: | DATE: |
| TIME: | TIME: | TIME: |

# Momentum Jaguar Volvo Porsche

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**          SALES MANAGER: **Jimmy Olguin**

STOCK #: **11576625**          DEAL #: **710718**

EMPLOYEE #:

DATE: **12/09/2013**

| | |
|---|---|
| ☐ DRIVER'S LICENSE-Exp. Date __/ __/ __/ | ☐ VIN # |
| ☐ COSIGNER'S LICENSE-Exp. Date __/ __/ __/ | ☐ MILEAGE **0** |
| ☐ INSURANCE CARD-Exp. Date __/ __/ __/ | ☐ REGISTRATION INFO SHEET |
| ☐ CREDIT APPLICATION (Signed) | ☐ MONEY |
| ☐ CREDIT BUREAU (Both if Co-Buyer) | ☐ WE OWE BILL |
| ☒ BUYER'S ORDER:Manager's Signature | ☐ IN-SERVICE DATE __/ __/ __/ |
| ☐ BUYER'S ORDER:Customer's Signature | ☐ CPO UNIT__Yes or__No |
| ☐ BUYER'S ORDER:Complete Trade Info. | ☐ SELECT PAPERWORK COMPLETE |
| ☒ FACTORY INVOICE (New) | ☐ QC CHECKLIST |
| ☐ NADA BOOKOUT SHEET (Used) | ☐ PRIVACY ACT FORM |
| ☐ APPRAISAL SLIP (Complete/Signed by UC Mgr) | ☐ ETCH PRO # |
| ☒ PAYOFF VERIFIED | ☐ DO NOT CALL |
| ☐ TWIX ON TRADE | ☐ ELEAD DRIVER SCREEN |
| ☐ DCS # | |

_Jimmy Olguin_
SALES MGR'S SIGNATURE

**Paid in Full**
F&I (All Cash & Outside Finance)

| SENT TO: | SENT TO: | SENT TO: |
|---|---|---|
| DATE: | DATE: | DATE: |
| TIME: | TIME: | TIME: |

## Momentum Jaguar Volvo Porsche

CUSTOMER: __DHANRAJMALS CHANDRABOSE JRS METALS__   SALES MANAGER: __Jimmy Olguin__

STOCK #: __11575819__   DEAL #: __710718__

DATE: __12/09/2013__   EMPLOYEE #: _____

- [ ] DRIVER'S LICENSE-Exp. Date__/__/__/
- [ ] COSIGNER'S LICENSE-Exp. Date__/__/__/
- [ ] INSURANCE CARD-Exp. Date__/__/__/
- [ ] CREDIT APPLICATION (Signed)
- [ ] CREDIT BUREAU (Both if Co-Buyer)
- [x] BUYER'S ORDER:Manager's Signature
- [ ] BUYER'S ORDER:Customer's Signature
- [ ] BUYER'S ORDER:Complete Trade Info.
- [x] FACTORY INVOICE (New)
- [ ] NADA BOOKOUT SHEET (Used)
- [ ] APPRAISAL SLIP (Complete/Signed by UC Mgr)
- [x] PAYOFF VERIFIED
- [ ] TWIX ON TRADE
- [ ] DCS #

- [ ] VIN # _____
- [ ] MILEAGE __0__
- [ ] REGISTRATION INFO SHEET
- [ ] MONEY
- [ ] WE OWE BILL
- [ ] IN-SERVICE DATE__/__/__/
- [ ] CPO UNIT__Yes or__No
- [ ] SELECT PAPERWORK COMPLETE
- [ ] QC CHECKLIST
- [ ] PRIVACY ACT FORM
- [ ] ETCH PRO #
- [ ] DO NOT CALL
- [ ] ELEAD DRIVER SCREEN

_Jimmy Olguin_
SALES MGR'S SIGNATURE

__Paid in Full__
F&I (All Cash & Outside Finance)

| SENT TO: _____ | SENT TO: _____ | SENT TO: _____ |
| DATE: _____ | DATE: _____ | DATE: _____ |
| TIME: _____ | TIME: _____ | TIME: _____ |

## Momentum Jaguar Volvo Porsche

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**

SALES MANAGER: **Jimmy Olguin**

STOCK #: **11576081**

DEAL #: **710718**

EMPLOYEE #:

DATE: **12/09/2013**

| | |
|---|---|
| ☐ DRIVER'S LICENSE-Exp. Date__/__/__/ | ☐ VIN # |
| ☐ COSIGNER'S LICENSE-Exp. Date__/__/__/ | ☐ MILEAGE                0 |
| ☐ INSURANCE CARD-Exp. Date__/__/__/ | ☐ REGISTRATION INFO SHEET |
| ☐ CREDIT APPLICATION (Signed) | ☐ MONEY |
| ☐ CREDIT BUREAU (Both if Co-Buyer) | ☐ WE OWE BILL |
| ☒ BUYER'S ORDER:Manager's Signature | ☐ IN-SERVICE DATE__/__/__/ |
| ☐ BUYER'S ORDER:Customer's Signature | ☐ CPO UNIT__Yes or__No |
| ☐ BUYER'S ORDER:Complete Trade Info. | ☐ SELECT PAPERWORK COMPLETE |
| ☒ FACTORY INVOICE (New) | ☐ QC CHECKLIST |
| ☐ NADA BOOKOUT SHEET (Used) | ☐ PRIVACY ACT FORM |
| ☐ APPRAISAL SLIP (Complete/Signed by UC Mgr) | ☐ ETCH PRO # |
| ☒ PAYOFF VERIFIED | ☐ DO NOT CALL |
| ☐ TWIX ON TRADE | ☐ ELEAD DRIVER SCREEN |
| ☐ DCS # | |

SALES MGR'S SIGNATURE

**Paid in Full**
F&I (All Cash & Outside Finance)

| SENT TO: | SENT TO: | SENT TO: |
|---|---|---|
| DATE: | DATE: | DATE: |
| TIME: | TIME: | TIME: |

## Momentum Jaguar Volvo Porsche

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**

SALES MANAGER: **Jimmy Olguin**

STOCK #: **11575040**

DEAL #: **710718**

DATE: **12/09/2013**

EMPLOYEE #:

[ ] DRIVER'S LICENSE-Exp. Date __/__/__/
[ ] COSIGNER'S LICENSE-Exp. Date __/__/__/
[ ] INSURANCE CARD-Exp. Date __/__/__/
[ ] CREDIT APPLICATION (Signed)
[ ] CREDIT BUREAU (Both if Co-Buyer)
[X] BUYER'S ORDER:Manager's Signature
[ ] BUYER'S ORDER:Customer's Signature
[ ] BUYER'S ORDER:Complete Trade Info.
[X] FACTORY INVOICE (New)
[ ] NADA BOOKOUT SHEET (Used)
[ ] APPRAISAL SLIP (Complete/Signed by UC Mgr)
[X] PAYOFF VERIFIED
[ ] TWIX ON TRADE
[ ] DCS #

[ ] VIN #
[ ] MILEAGE **0**
[ ] REGISTRATION INFO SHEET
[ ] MONEY
[ ] WE OWE BILL
[ ] IN-SERVICE DATE __/__/__/
[ ] CPO UNIT__Yes or__No
[ ] SELECT PAPERWORK COMPLETE
[ ] QC CHECKLIST
[ ] PRIVACY ACT FORM
[ ] ETCH PRO #
[ ] DO NOT CALL
[ ] ELEAD DRIVER SCREEN

SALES MGR'S SIGNATURE _Jimmy Olguin_

**Paid in Full**
F&I (All Cash & Outside Finance)

| SENT TO: | SENT TO: | SENT TO: |
|---|---|---|
| DATE: | DATE: | DATE: |
| TIME: | TIME: | TIME: |

## Momentum Jaguar Volvo Porsche

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**     SALES MANAGER: _____ Jimmy Olguin

STOCK #: _____ 11575117     DEAL #: _____ 710718

DATE: _____ 12/09/2013     EMPLOYEE #: _____

| | |
|---|---|
| ☐ DRIVER'S LICENSE-Exp. Date__/__/__/ | ☐ VIN # _____ |
| ☐ COSIGNER'S LICENSE-Exp. Date__/__/__/ | ☐ MILEAGE          0 |
| ☐ INSURANCE CARD-Exp. Date__/__/__/ | ☐ REGISTRATION INFO SHEET |
| ☐ CREDIT APPLICATION (Signed) | ☐ MONEY |
| ☐ CREDIT BUREAU (Both if Co-Buyer) | ☐ WE OWE BILL |
| ☒ BUYER'S ORDER:Manager's Signature | ☐ IN-SERVICE DATE__/__/__/ |
| ☐ BUYER'S ORDER:Customer's Signature | ☐ CPO UNIT__Yes or__No |
| ☐ BUYER'S ORDER:Complete Trade Info. | ☐ SELECT PAPERWORK COMPLETE |
| ☒ FACTORY INVOICE (New) | ☐ QC CHECKLIST |
| ☐ NADA BOOKOUT SHEET (Used) | ☐ PRIVACY ACT FORM |
| ☐ APPRAISAL SLIP (Complete/Signed by UC Mgr) | ☐ ETCH PRO # |
| ☒ PAYOFF VERIFIED | ☐ DO NOT CALL |
| ☐ TWIX ON TRADE | ☐ ELEAD DRIVER SCREEN |
| ☐ DCS # | |

_____ *Jimmy Olguin* _____
SALES MGR'S SIGNATURE

**Paid in Full**
F&I (All Cash & Outside Finance)

| SENT TO: _____ | SENT TO: _____ | SENT TO: _____ |
|---|---|---|
| DATE: _____ | DATE: _____ | DATE: _____ |
| TIME: _____ | TIME: _____ | TIME: _____ |

## Momentum Jaguar Volvo Porsche

CUSTOMER: **DHANRAJMALS CHANDRABOSE JRS METALS**   SALES MANAGER: _Jimmy Olguin_

STOCK #: _11577094_   DEAL #: _710718_

DATE: _12/09/2013_   EMPLOYEE #: _____

| | | | |
|---|---|---|---|
| ☐ DRIVER'S LICENSE-Exp. Date__/ __/ __/ | | ☐ VIN # | |
| ☐ COSIGNER'S LICENSE-Exp. Date__/ __/ __/ | | ☐ MILEAGE | 0 |
| ☐ INSURANCE CARD-Exp. Date__/ __/ __/ | | ☐ REGISTRATION INFO SHEET | |
| ☐ CREDIT APPLICATION (Signed) | | ☐ MONEY | |
| ☐ CREDIT BUREAU (Both if Co-Buyer) | | ☐ WE OWE BILL | |
| ☒ BUYER'S ORDER:Manager's Signature | | ☐ IN-SERVICE DATE__/ __/ __/ | |
| ☐ BUYER'S ORDER:Customer's Signature | | ☐ CPO UNIT__Yes or__No | |
| ☐ BUYER'S ORDER:Complete Trade Info. | | ☐ SELECT PAPERWORK COMPLETE | |
| ☒ FACTORY INVOICE (New) | | ☐ QC CHECKLIST | |
| ☐ NADA BOOKOUT SHEET (Used) | | ☐ PRIVACY ACT FORM | |
| ☐ APPRAISAL SLIP (Complete/Signed by UC Mgr) | | ☐ ETCH PRO # | |
| ☒ PAYOFF VERIFIED | | ☐ DO NOT CALL | |
| ☐ TWIX ON TRADE | | ☐ ELEAD DRIVER SCREEN | |
| ☐ DCS # | | | |

_Jimmy Olguin_
SALES MGR'S SIGNATURE

**Paid in Full**
F&I (All Cash & Outside Finance)

| SENT TO: _____ | SENT TO: _____ | SENT TO: _____ |
|---|---|---|
| DATE: _____ | DATE: _____ | DATE: _____ |
| TIME: _____ | TIME: _____ | TIME: _____ |